Howell, J.
The plaintiff, as holder and owner of several'mortgage notes, made by the defendant, sold the property under a writ of seizure and sale, and the third opponents claimed the proceeds by preference to satisfy judicial mortgages held by them.
The material facts are as follows: In November, 1869, defendant, Powell, effected a four months’ loan for $20,000 with the New Orleans Banking Association, and gave as collateral security four notes at twelve mouths’ from that time, secured by mortgage on property of Powell. At the maturity of the loan at four months, Powell, not having the money to pay, applied, through an agent, to Low & Ludwigson for a loan to pay the bank, which was furnished upon condition that the mortgage notes then pledged to the bank be delivered to them. *648 as collaterals. The agent of Powell, with the money obtained from Low & Ludwigson, paid the four months’ loan and demanded the col-laterals for the purpose of delivering them, as promised, to Low & Ludwigson; but the president of the Banking Association, being of opinion that if said notes went into the hands of the maker, as requested, they would be extinguished, refused to give them up and sent for Ludwigson to come and get them, which he did, and afterwards pledged them to the plaintiff bank for a debt of Low & Ludwigson, After these transactions the mortgage rights of the third opponents arose, and they contend that the payment by Powell of the four months’ loan extinguished the mortgage given to secure the twelve months’ notes now in suit.
We think not. The agreement between Low & Ludwigson, who furnished the means to extinguish the four months’ loan, was that the mortgage notes should be transferred to them as collateral security for the advance. Practically, they simply agreed to take the place of the original lender, and the ojiginal debt was extinguished, as to the creditor, by the substitution of another creditor, upon the express condition that the security should be continued as it then existed. It was clearly not the purpose or intention of Powell to extinguish the mortgage, and the manner in which the evidence thereof was delivered to the new creditors did not have that effect. The same doctrine was enforced in the succession of Dolhonde, 21 An. 5.
Judgment affirmed.
Rehearing refused.